**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JUSTIN RYAN LONG,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )   CIV-07-803-R |
| | ) |
| **T.C. PETERSON, Warden,** | ) |
| | ) |
|     **Respondent.** | ) |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered August 14, 2007 [Doc. No. 11] and Petitioner's Objection to the Magistrate's Report and Recommendation [Doc. No. 12]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection.

Petitioner has conceded that his petition for a writ of habeas corpus herein is barred by the one-year statute of limitations, 28 U.S.C. § 2244(d)(1)(A), but argues in his Objection that the Magistrate Judge applied the "wrong standard" in determining whether Petitioner had shown a fundamental miscarriage of justice and "mischaracterized case law and facts." Objection at p. 6.

Petitioner in his Objection has confused the "fundamental miscarriage of justice" exception to the procedural bar to habeas review, which requires a showing of actual innocence, with equitable tolling of the statute of limitations applicable to habeas petitions

when it is shown that a "constitutional violation has resulted in the conviction of one who is actually innocent or incompetent," *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), even though the standard applied to determine whether actual innocence has been shown is the same in both circumstances. *See Price v. Friel*, 2007 WL 2452699 at *1 (10th Cir. Aug. 30, 2007) (No. 07-4094) (determining whether Petitioner had made showing of actual innocence to warrant equitable tolling by applying the standard of proof of actual innocence necessary to avoid a procedural bar, i.e., "new evidence" establishing that "it is more likely that not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," *quoting House v. Bell*, ___ U.S. ___, 126 S.Ct. 2064, 2076-77, 165 L.Ed.2d 1 (2006)); *O'Boyle v. Ortiz,* 2007 WL 2083743 at *1 (10th Cir. July 23, 2007) (No. 06-1214) (same). The Magistrate Judge applied the correct standard in determining whether Petitioner had shown his actual innocence. *See id.*; *Schlup v. Delo*, 513 U.S. 298, 324 & 327, 115 S.Ct. 851, 130 L.Ed.2d 808, 834 & 836 (1995). Compare with Report and Recommendation at p. 7. Petitioner has provided no new evidence of his actual innocence such as "exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence" which, when considered in conjunction with all of the evidence at trial, shows "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. at 324 & 327, 115 S.Ct. at ___, 130 L.Ed.2d at 834 & 836.

The Court observes that the United States Supreme Court has "never squarely addressed the question [of] whether equitable tolling is applicable to AEDPA's statute of limitations." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, ___ n. 8, 161

L.Ed.2d 669, 679 n. 8 (2005).   Obviously then, the Supreme Court has not determined whether a showing of actual innocence would warrant equitable tolling of the limitations period and whether the showing of actual innocence in that context is the same as that necessary to avoid a procedural bar.  Until such time as the United States Supreme Court has spoken on those issues, however, this Court must apply Tenth Circuit authority on equitable tolling, including the standards set forth therein for the requisite showing of actual innocence as will warrant tolling.  The Court is constrained to conclude that Petitioner has not shown his actual innocence under those standards, notwithstanding the Court's sympathy with Petitioner's plight, its grave concerns as to whether Petitioner had effective assistance of counsel before and during trial.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 11] is ADOPTED and the petition of Justin Ryan Long for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED upon filing as barred by the applicable statute of limitations, 28 U.S.C. § 2244(d)(1)(A).

**It is so ordered this 6th day of September, 2007.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE